IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DIANNE McFARLANE,

      Appellant,

v.

MIAMI-DADE TRANSIT
AUTHORITY AND MIAMI-
DADE COUNTY RISK
MANAGEMENT,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2080

_____/

Opinion filed April 11, 2017.

An appeal from an order of Judge of Compensation Claims.
Gerardo Castiello, Judge.

Date of Accident:  August 6, 2009.

Bill McCabe, Longwood, and Bradley D. Asnis of Asnis, Srebnick & Kaufman, LLC, Sunrise, for Appellant.

Abigail Price-Williams, County Attorney, and Lynda S. Slade, Miami, for Appellees.

PER CURIAM.

      In this workers' compensation case, Claimant appeals the Judge of

Compensation Claims' (JCC's) denial of her claim for continued medical care with

Dr. Hodor, a previously authorized medical provider. The JCC based his decision on a finding that Claimant acquiesced to the authorization of another provider as her one-time change of physician from Dr. Hodor. Because we find that the JCC improperly considered the E/C's acquiescence defense, we reverse.

Following her workplace accident on August 6, 2009, Claimant received authorized medical treatment from Dr. Hodor for a right wrist injury and from Dr. Baylis for a right shoulder injury. In 2011, Claimant requested a one-time change of physician from Dr. Baylis in accordance with paragraph 440.13(2)(f). Paragraph 440.13(2)(f) provides that upon the grant of a one-time change, the originally authorized physician shall become deauthorized upon written notification by the E/C. In a timely response, the E/C authorized a change from Dr. Baylis to Dr. Feanny. After receiving treatment from Dr. Feanny for both the right wrist and right shoulder injuries, Claimant filed a petition for benefits (PFB) in 2015, which sought authorization of continued care with Dr. Hodor. Although the claims adjuster had testified only months earlier that Dr. Feanny was the one-time change from Dr. Baylis, that Dr. Baylis was no longer authorized, and that Dr. Hodor remained authorized, the E/C sent a deauthorization letter to Dr. Hodor shortly after the PFB was filed.

Florida Administrative Code Rule 60Q-6.113(2)(a) states, in pertinent part, that "all available defenses not raised in the pretrial stipulation are waived unless

2

thereafter amended by the judge for good cause shown" and that "[a]bsent an agreement of the parties, in no event shall an amendment or supplement be used to raise a new claim or defense that could, or should have been raised when the initial pretrial stipulation was filed, unless permitted by the judge for good cause shown." In the pretrial stipulation, the E/C asserted a defense that Claimant had previously requested a one-time from *Dr. Hodor*, who is no longer authorized, and that the authorized physician is Dr. Feanny, who has been treating Claimant since the one-time change. Significantly, the word "acquiescence" does not appear at all in the pretrial stipulation and was not mentioned by the E/C until their trial memorandum was filed less than a week before the final hearing. The E/C have not established good cause for this omission. We are unpersuaded by the E/C's argument that the absence of the word "acquiescence" in the pretrial stipulation is irrelevant because this defense was somehow implicit in the words that were used.

We also find no merit in the E/C's argument that they were not required to raise acquiescence as a defense because it is not an affirmative defense. It appears self-evident that acquiescence is an affirmative defense under these circumstances; but even if we were to assume otherwise, the pretrial rule applies to all defenses.

In short, by failing to comply with the applicable pretrial rule, the E/C here waived any defense based on acquiescence. We therefore REVERSE and REMAND for entry of an order granting the claimed benefits in accordance with this opinion.

3

ROBERTS, C.J., WOLF and B.L. THOMAS, JJ., CONCUR.